UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
                                                     :

DENNIS DAWSON,                         :           CASE NO. 1:08-cv-874

          Plaintiff,                   :

vs.                                          :           OPINION & ORDER
                                           :           [Resolving Doc. 5].

FIDELITY AND GUARANTEE     :
INSURANCE CO., et. al.             :

          Defendants.              :

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this opinion and order, the Court considers its subject matter jurisdiction over this case. For the reasons stated below, the Court **GRANTS** the Plaintiffs' motion to remand this case to state court.

## I. Background

On February 22, 2008, the Plaintiffs filed this lawsuit in state court. The Plaintiffs seek to recover a settlement that they entered with the Defendants' insured, Ohio Eye Physicians d.b.a. the Cleveland Eye Clinic. [Doc. 1, Ex. 1 at 11]. The settlement involved the Plaintiffs' claims under the Ohio Consumer Sales Practice Act, O.R.C. § 1345, and the federal Telephone Consumer Protection Act, 47 U.S.C. § 227. [*Id.* at 12]. The settlement granted $21,900 in damages to Plaintiff Felix Fedor [*Id.* at 14]; $28,700 in damages to Plaintiff Kevin Chambers [*Id.* at 13]; $37,200 in damages to Plaintiff Dennis Dawson [*Id.* at 14]; $21,900 in damages to Mark Weiss [*Id.*]. It also granted $40,000 in attorney's fees. [*Id.*]

Case No. 1:08-cv-874
Gwin, J.

On April 4, the Defendants removed the action, alleging that this Court had federal diversity jurisdiction. [Doc. 1]. The parties are completely diverse, and the Defendants argued that either that the Plaintiffs claims are properly aggregated as one claim or that Plaintiff Dawson's claim and the attorney's fees together met the amount in controversy. [Doc. 1]. On April 11, the Plaintiffs filed a motion to remand. [Doc. 5].

## II. Law and Analysis

A defendant may remove any civil action brought in state court "of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). The Defendant claims the Court has original diversity jurisdiction. Diversity jurisdiction arises when the amount in controversy exceeds $75,000 and complete diversity of citizenship exists between the parties. 28 U.S.C. § 1332. Separate plaintiffs may not aggregate their claims to meet the amount in controversy. *Snyder v. Harris*, 394 U.S. 332 (1969); *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 823 (6th Cir. 2006).

If a federal court of competent jurisdiction determines a case lacks jurisdiction, the court must remand the case. 28 U.S.C. § 1447(c). Because federal courts are courts of limited jurisdiction, the removing party has the burden of establishing federal jurisdiction. *See Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92 (1921). Removal jurisdiction raises significant federalism concerns. S*ee Merrell Dow Pharms., Inc. v. Thompson*, 478 U.S. 804 (1986). Therefore, federal courts must strictly construe removal jurisdiction. *Shamrock Oil & Gas Corp v. Sheets*, 313 U.S. 100 (1941). Accordingly, if a federal court is in doubt of its jurisdiction, it must resolve such doubt in favor of state court jurisdiction. *Cheshire v. Coca-Cola Bottling Affiliated, Inc.*, 758 F. Supp. 1098, 1102 (D.S.C. 1990).

The Defendants have argued that this action meets the amount in controversy based on two

Case No. 1:08-cv-874
Gwin, J.

theories. First, the Defendants argue that the Plaintiffs all have the same claim against the Defendant insurance company, and that the Plaintiffs are standing in the shoes of the Defendants' insured. They argue that, therefore, the Court should aggregate the Plaintiffs' claims in this case, as if the case had been brought by the Defendants' insured. See *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 539 (7th Cir. 2006). In *Sadowski*, the Seventh Circuit reasoned that from the insurance company's perspective there was one claim only: the sum of the defense and indemnity costs. *Id.* That case, however, was a federal declaratory-judgment action between a single plaintiff and a single defendant–the insurance company had sued its insured. It was not an action between individuals suing the insured and the insurance company. *Id.* In such cases, the amount in controversy is properly counted as the full amount of indemnity costs. See *Hunt v. Washington State Apple Advertising Commission,* 432 U.S. 333, 347-48 (1977). That is not so here, where the individual plaintiffs each have separate claims against the insurance company.

Second, the Defendants argue that Dennis Dawson's claim satisfies the amount in controversy requirement. Dennis Dawson is entitled to $37,000 under the settlement agreement. Moreover, the four plaintiffs are entitled to $40,000 in attorney's fees. If this $40,000 is joint and several, Dennis Dawson's claim would meet the amount in controversy requirement. The Plaintiffs argue, however, that the $40,000 in attorney's fees must be pro-rated. As a general rule, attorney fees cannot be aggregated to meet the amount-in-controversy threshold unless the plaintiffs have a common, undivided interest in relief. *See, e.g. Sylvester v. Daimler Chrysler Corp.,* 2002 WL 32005242, 2002 U.S. Dist. LEXIS 17989 (N.D. Ohio 2002); *Nelson v. Associates Financial Services Co. of Indiana, Inc.,* 79 F. Supp. 2d 813, 821 (W.D. Mich. 2000); *Crosby v. America Online, Inc.,* 967 F. Supp. 257, 262 (N.D. Ohio 1997). That is not the case here, where each plaintiff had separate statutory claims,

-3-

Case No. 1:08-cv-874
Gwin, J.

even though they settled the claims together. Under the statute, each plaintiff is entitled to his or her individual attorney's fees, not the attorney's fees of other parties. O.R.C. § 1345.09. For these reasons, the Court finds that it does not have jurisdiction over Dawson's claim.

The Plaintiff moves for attorney's fees under 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. " *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). The Court will deny fees with an objectively reasonable basis exists. *Id.* In this case, the Court finds the Defendants did not have an objectively reasonable basis for removal. Therefore, attorney's fees are appropriate. The Court directs the Plaintiffs to file affidavits regarding their fees.

### III. Conclusion

For the reasons stated above, the Court GRANTS the Plaintiff's motion to remand. The Court directs the Plaintiffs to file affidavits setting out a basis for their fees.

IT IS SO ORDERED.

Dated: May 14, 2008     s/     *James S. Gwin*
                        JAMES S. GWIN
                        UNITED STATES DISTRICT JUDGE